The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD C. HARTNETT and JULIE A. HARTNETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON FEDERAL, INC. d/b/a WASHINGTON FEDERAL BANK<br><br>Defendant. | No. 2:21-cv-00888-RSM<br><br>**MODIFIED ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING** |

WHEREAS, Plaintiffs Edward and Julie Hartnett, individually and on behalf of a proposed Settlement Class, and Defendant Washington Federal Bank ("WaFd"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Settlement Agreement:

NOW, THEREFORE, based upon the Settlement Agreement, upon all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the proposed Settlement described in the Settlement

Order - Page 1
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

Agreement should be finally approved as fair, reasonable, and consistent with precedent concerning class settlements in the Ninth Circuit.

IT IS HEREBY ORDERED THAT:

1. All capitalized terms herein shall have the same meanings as those in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties, including the Named Plaintiffs and Potential Settlement Class Members.

3. The Court preliminarily approves the Settlement, including the Notice to be sent to the Potential Settlement Class Members, finding that the proposed Settlement is sufficiently fair, reasonable, and consistent with precedent concerning class settlements in the Ninth Circuit to warrant providing Notice to the Settlement Class, but such finding is not to be deemed as an admission of fault or liability by Defendant or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendant. Defendant shall maintain all rights to assert that but for settlement purposes, the Action should not be certified as a class.

4. For purposes of determining whether the Court should finally approve the terms of the proposed Settlement as fair, reasonable, and consistent with precedent concerning class settlements in the Ninth Circuit, the following Settlement Class is preliminarily certified for settlement purposes only:

> Customers of Defendant who were charged Retry NSF/Overdraft Fees during the Class Period, and either (1) ceased being a customer of Defendant on or before August 31, 2021, or (2) affirmatively opted out of contractual arbitration with Defendant before January 11, 2022.

Order - Page 2
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

> "Class Period" shall mean: For personal account customers, the time period from November 15, 2015 until August 31, 2021; for business account customers, the time period between July 1, 2020 and August 31, 2021.

Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, all Potential Settlement Class Members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

5. The Court preliminarily finds that the terms of the Settlement are fair, adequate, and consistent with precedent concerning class settlements in the Ninth Circuit. In so finding, the Court finds the Settlement presumptively fair because it was the product of arm's-length bargaining with the benefit of discovery, and the amount of the Settlement is fair and reasonable.

6. Consistent with Fed. R. Civ. P. 23(a) and (b), the Court finds that, for purposes of settlement: (a) the number of members of the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Named Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Class; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

7. For purposes of settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Class in enforcing their rights in the action, and preliminarily appoints Plaintiffs Edward and Julie Hartnett as class representatives. The Court preliminarily appoints the following attorneys as Class Counsel for the Settlement

Order - Page 3
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

Class:

    The Kick Firm
    KalielGold PLLC

8. The Parties have selected JND Legal Administration to serve as the Settlement Administrator. The Court hereby approves of and appoints JND Legal Administration as the Settlement Administrator and directs it to commence sending Notice to the Potential Settlement Class Members and to otherwise comply with all obligations of the Settlement Administrator as outlined in the Agreement.

9. The Parties have prepared the Email Notice, Post Card Notice, and Long Form Notice, which are attached to the Settlement Agreement as Exhibits 1-3. The Court preliminarily finds that the notice provided to Potential Settlement Class Members (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Potential Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Potential Settlement Class Members entitled to receive notice.

10. The Court has carefully reviewed and hereby approves, **except as indicated in the attached footnote,**[1] the Notice as to form and content and directs that it be sent to Potential Settlement Class Members without material alteration unless otherwise modified by agreement of the Parties and approved by the Court. The Court directs that Notice be sent to the Settlement Class in the manner outlined in the Settlement Agreement.

---

1. The Court orders that the Email Notice and Post Card Notice be modified to include reference to the case number and court at each notice's first reference to *"Hartnett v. Washington Federal Bank."* See Dkt. #34-3 at 20, 22. The revised case identification should be substantially similar to: *"(Hartnett v. Washington Federal Bank, Case No. 2:21-cv-00888-RSM (W.D. Wash.))."* The Court further orders that the Long Form Notice be similarly modified to include the case number and court at its first two references to *"Hartnett v. Washington Federal Bank."* Dkt. #34-3 at 23, 24.

Order - Page 4
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

11. Potential Settlement Class Members who wish to opt out of the Settlement and exclude themselves from participation may do so by submitting timely and valid requests at any time before the Bar Date to Opt-Out. The process to opt out is set forth in the Agreement and in the Notice. Potential Settlement Class Members who opt out shall have no rights under the Settlement, shall not share in any of the benefits of the Settlement, and shall not be bound by the Settlement or by any Final Approval Order and judgment approving the Settlement.

12. All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notice and Agreement shall be bound by any Final Approval Order and judgment entered, even if such Settlement Class Members never received actual notice of this Action or the Settlement. If Final Approval of the Settlement is granted, they shall be barred, now and in the future, from asserting any of the Released Claims, as defined in the Settlement Agreement, against any Released Parties as defined in the Settlement Agreement.

13. Settlement Class Members who wish to object to the Settlement and/or to Class Counsel's application for attorneys' fees and costs and/or a Service Award to the Named Plaintiff shall file any objections pursuant to the requirements of this paragraph. To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Court, and Settlement Administrator, Class Counsel, and Defendant's Counsel. The objection must be postmarked on or before the Bar Date to Object, and must include the following information: (a) a heading referring to the *Hartnett v. WaFd Bank* Action; (b) the objector's name, address, telephone number, the last four digits of either his or her account number (current or former) or Social Security Number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case; (c) a statement of the factual and legal basis for each objection and any exhibits the

Order - Page 5
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

objector wishes the Court to consider in connection with the objection; and (d) a statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number. Class Counsel and/or Defendant's Counsel shall file any responses to objections at least seven (7) days prior to the Final Approval Hearing Date. Any objector who retains counsel shall be solely responsible for paying his or his own attorney's fees and costs. Any objector who fails to comply with the provisions herein shall waive and forfeit any and all rights to appear and/or object separately and shall be bound by the terms of this Agreement and the orders and judgments of the Court.

14. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement on **November 18, 2022 at 9:00 AM**. The Court will advise the Parties in advance of the Final Approval Hearing whether the hearing will be held in person at the United States Courthouse at 700 Stewart Street, Seattle, WA or by video conference. The date and time of the Final Approval Hearing will be set forth in the Notice and published on the Settlement Website. During the Final Approval Hearing, the Court will consider whether the Settlement should be approved as fair, reasonable, and consistent with precedent concerning class settlements in the Ninth Circuit, and whether the Court should grant Final Approval of the Settlement and dismiss this Action on the merits, with prejudice. The Court will also consider the amount of any attorneys' fees and costs to be awarded to Class Counsel, whether to approve the amount of any Service Award to the Named Plaintiffs. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Potential Settlement Class Members other than on the Settlement Website and the Court's docket.

Order - Page 6
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

15. The Court confirms the following schedule (which the court, upon showing of good cause by the Parties, may extend any of the deadlines):

| | |
|---|---|
| Deadline to Complete Notice | 30 days after Preliminary Approval |
| Deadline for Motion for attorneys' fees, costs, and for a Service Award | 45 days after Preliminary Approval |
| Bar Date to Opt-Out | 90 days after Preliminary Approval |
| Bar Date to Object | 90 days after Preliminary Approval |
| Deadline for Motion for Final Approval of the Settlement | 120 days after Preliminary Approval |
| Final Approval Hearing | November 18, 2022 at 9:00 AM |

16. The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the proposed Settlement or to effectuate the term of the Agreement.

**DATED** this 23rd day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Roger S. Davidheiser
**FRIEDMAN | RUBIN PLLP**
1109 First Ave., Ste. 501
Seattle, WA 98101
206.501.4446
rdavidheiser@friedmanrubin.com

Order - Page 7
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

| | |
|---|---|
| 1 | Jeffrey Kaliel* |
| | Sophia Gold |
| 2 | **KALIEL PLLC** |
| | 1875 Connecticut Avenue NW, 10th Floor |
| 3 | Washington, DC 20009 |
| | 202.300.4783 |
| 4 | jkaliel@kalielpllc.com |
| 5 | sgold@kalielpllc.com |
| 6 | Taras Kick* |
| | **THE KICK LAW FIRM, APC** |
| 7 | 815 Moraga Drive |
| | Los Angeles, California 90049 |
| 8 | 310.395.2988 |
| 9 | taras@kicklawfirm.com |
| | jeff@kicklawfirm.com |
| 10 | |
| | * admitted *pro hac vice* |
| 11 | |
| | ***Attorneys for Plaintiffs and the Putative Class*** |
| 12 | |

Order - Page 8
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 13th day of June, 2022.

      *Trish Bashaw*
      Trish Bashaw

Order - Page 9
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN
1109 First Avenue, Suite 501
Seattle, WA 98101-3614
(206) 501-4446