The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD C. HARTNETT and JULIE A. HARTNETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON FEDERAL BANK,<br><br>Defendant. | NO. 2:21-cv-00888 RSM<br><br>**PLAINITFFS' UNOPPOSED JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**<br><br>Noted for Hearing November 18, 2022<br>9:00 a.m. |

## I.  INTRODUCTION

The proposed Settlement provides meaningful relief to the proposed Settlement Class Members and represents an outstanding early resolution of this litigation. The proposed Settlement, which was the result of hard-fought, arm's-length negotiations by experienced counsel, creates a cash Settlement Fund of $495,000, a recovery that alone represents approximately 100% of the total estimated actual damages, plus Defendant will separately pay all costs of notice and administration of the Settlement—an added benefit with an estimated value of $49,000 that also accrues to the class. Joint Declaration of Class Counsel ("Joint Decl."), ¶ 2. The Settlement funds will be distributed automatically to the members of the Settlement Class by direct deposit or by check, without need for Settlement Class Members to complete a claim form or take any additional steps.

Unopposed Motion for Final Approval of Settlement- Page 1
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

As this Court previously ordered, Notice has now been delivered to the Settlement Class of approximately 6,860 current and former accountholders. No Settlement Class Members have objected to the Settlement, and similarly no Settlement Class Members have chosen to opt-out of the Settlement. Both this strong support for the Settlement and other relevant Ninth Circuit factors counsel in favor of final approval of the Settlement, as discussed in more detail below.

## II.     FACTUAL BACKGROUND

Because Plaintiffs have already provided a detailed description of this matter's background in the previously-filed Motion for Award of Attorneys' Fees and Expenses and For Representative Service Awards (Doc. 36) Plaintiffs will not repeat that description here.

## III.    TERMS OF SETTLEMENT

### A.     The Settlement Class

The Settlement provides for certification of a class of certain current and former WaFd Bank accountholders. Defendant agrees to certification of this Class solely for purposes of settlement:

> Customers of Defendant who were charged Retry NSF/Overdraft Fees during the Class Period, and either (1) ceased being a customer of Defendant on or before August 31, 2021, or (2) affirmatively opted out of contractual arbitration with Defendant before January 11, 2022.

> "Class Period" shall mean: For personal account customers, the time period from November 15, 2015, until August 31, 2021; for business account customers, the time period between July 1, 2020 and August 31, 2021.

Settlement ¶¶ 1(e), 1(u).

### B.     Value of the Settlement to the Settlement Class Members

In exchange for the dismissal of this action and the release in the Settlement, WaFd has agreed to pay $495,000 to be used for direct payments to the members of the Settlement Class

Unopposed Motion for Final Approval of Settlement- Page 2
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

(the "Settlement Fund"), after deductions of Court-approved fees and expenses, Settlement ¶1(x). The Settlement does not require Settlement Class Members to submit a claim or take any action to claim the monies they are entitled to under the Settlement. Rather, payments will be made to Class Members by mailing a check to their last known address. *Id.* ¶ 8(d)(v). Each Settlement Class Member will receive their pro rata share of the Net Settlement Fund, based on the total number of fees that the Class Member paid. *Id.*

## IV. RESULTS OF THE NOTICE AND CLAIM PROCESS

Prior to distributing notice to the Class members, the Settlement Administrator established a website, www.hartnettNSFfeeLitigation.com, as well as a toll-free line that Class Members could access or call for any questions or additional information about the proposed Settlement. (Declaration of Settlement Administrator ("Notice Decl."), attached as Exhibit 1, ¶¶ 11 and 13).

Once Class Members were identified via WaFd's business records, the notices attached to the Settlement Agreement were delivered to each Class member. For Class Members whom Wafd Bank had a valid email address, notice was delivered via email. (Id. ¶ 6). To Class Members for whom WaFd Bank did not have a valid email address or the email sent was returned as undeliverable, notice was delivered by U.S. Mail postcard. (Id. ¶ 7).

On July 22, 2022, the Settlement Administrator mailed the Court-approved notice of the Settlement to the 2,793 Class members, at their last known addresses after updating through the National Change of Address database. (Id. ¶ 4). In total, mailed Notice was delivered, without return, to 2,579 unique Class members. (Id. ¶ 7).

On July 22, 2022, the Settlement Administrator emailed the Court-approved notice of the Settlement to the 4,066 Class Members whom WaFd Bank had an email. (Id. ¶ 5). In total,

Unopposed Motion for Final Approval of Settlement- Page 3
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

emailed Notice was delivered, without return, to 3,897 unique Class members. (Id. ¶ 6). The mailed Notice was subsequently sent to the Class Members whose Email Notice was undeliverable.

In response to the notice, no Class Members objected to the Settlement or the requested fees, expenses, and service award. (Notice Decl., ¶ 18). Further, no Class Members elected to opt-out of the Settlement. (Id., ¶ 20).

The Settlement Administrator's cost of the notice and administration of the Settlement, including the distribution of Settlement checks will be paid in full by WaFd separate and apart from the Settlement Fund. That amount is currently estimated to be $49,000 (Id., ¶ 21).

## V.  THE SETTLEMENT WARRANTS FINAL APPROVAL

The Ninth Circuit recognizes the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277 (9th Cir. 1992). The strong preference for class action settlements is precipitated by the overwhelming uncertainties of the outcome, expense, management, and difficulties in proof inherent in class action lawsuits. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (noting that class action settlements are especially favorable in light of "an ever increasing burden to so many federal courts and which frequently present serious problems of management and expense").

Approval of a class action settlement "take[s] place over three stages. First, the parties present a proposed settlement asking the Court to provide preliminary approval for both (a) the settlement class and (b) the settlement terms." *Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-

Unopposed Motion for Final Approval of Settlement- Page 4
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

1347 JCC, 2015 WL 11234156, at *1 (W.D. Wash. Dec. 11, 2015).[1] "Second, if the court does preliminarily approve the settlement and class, (i) notice is sent to the class describing the terms of the proposed settlement, (ii) class members are given an opportunity to object or opt out, and (iii) the court holds a fairness hearing at which class members may appear and support or object to the settlement." *Id.* "Third, taking account of all of the information learned during the aforementioned processes, the court decides whether or not to give final approval to the settlement and class certification." *Id.*; *see also In re Toys "R" Us-Del., Inc.-Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448 (C.D. Cal. 2014).

### A.  **The Multi-Factor Test Supports Final Approval**

The "universally applied standard" courts use to determine whether to grant final approval is "whether the settlement is fundamentally fair, adequate, and reasonable." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); see also Fed. R. Civ. P. 23(e)(2) ("If the [proposed settlement] would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate."). At the final approval stage, a court considers a settlement in light of a non-exhaustive list of factors, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

---

[1] Unless otherwise indicated, all emphasis is added and internal citations and quotation marks are omitted.

Unopposed Motion for Final Approval of Settlement- Page 5
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).[2] Furthermore, approval under amended Rule 23(e)(2) requires that courts take into consideration the following factors: (1) whether "the class representatives and class counsel have adequately represented the class"; (2) whether the settlement "was negotiated at arm's length"; (3) whether "the relief provided for the class is adequate"; and (4) whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)-(D); see also *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 17-md-02777-EMC, 2019 WL 536661, at *8 (N.D. Cal. Feb. 11, 2019).

For the reasons below, the proposed Settlement is fundamentally fair, adequate, and reasonable - meeting every criterion for Final Approval.

**1. The Strength of Plaintiffs's Case Compared to the Risk, Complexity, Costs, and Likely Duration of Further Litigation, Including the Risk of Maintaining a Class Action**

Plaintiffs would have faced significant risks in litigating this case through trial and maintaining a class action. At the time of settlement, Defendant's objections to Magistrate Judge Peterson's Report and Recommendation were pending and had not yet been decided by this Court. If the Court sided with Defendant's arguments, this could have eliminated Plaintiffs' claims entirely. Joint Decl., ¶ 3. Numerous other hurdles and risks remained before Plaintiffs or Settlement Class Members could recover at trial, including what would have been a hotly contested class certification motion. *Id.*, ¶ 4.

Accordingly, although Plaintiffs are confident in the strength of their case against WaFd and the likelihood of success at each stage, the outcome is nonetheless uncertain. Continued

---

[2] The seventh factor is neutral here as there is no governmental participant.

Unopposed Motion for Final Approval of Settlement- Page 6
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

litigation would be complex and likely expensive, particularly in light of the type of technical discovery and expert testimony that would be required for Plaintiffs to establish damages for each WaFd accountholder. *Id*., ¶ 5. Moreover, even if Plaintiffs were successful in the class certification and trial stages in this Court, there would very likely be one or more lengthy appeals, including potentially an interlocutory appeal under Fed. R. Civ. P. 23(f). The degree of uncertainty supports Final Approval of the proposed Settlement.

### 2. Recovery Amount, Method of Distribution, and Equal Treatment of Settlement Class Members

This Settlement provides significant relief to the Settlement Class and represents a fair, reasonable, and adequate recovery in light of the risks of further litigation. When considering whether "the relief provided for the class is adequate," amended Rule 23(e)(2)(C) requires the Court to take into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and] (iii) the terms of any proposed award of attorney's fees, including timing of payment[.]" Fed. R. Civ. P. 23(e)(2)(C)(i)-(iii) (eff. Dec. 1, 2018). "Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation." *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015). The Settlement provides substantial relief to the Settlement Class. The Settlement Class has recovered over 100% of its best-case damages at trial. Joint Decl., ¶ 6. Those funds will be allocated on a pro rata basis—meaning that Settlement Class Members who incurred more damages will receive a proportionally greater share of the Settlement Fund. This method for calculating each class member's recovery equitably compensates each class member based on

Unopposed Motion for Final Approval of Settlement- Page 7
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

the portion of NSF and/or OD Fees at issue in this litigation that they paid during the class period. More, the Settlement Fund will be *automatically* distributed to Settlement Class Members, without any need for a claim form, either by check or direct deposit. And Defendant will separately pay the costs of notice and administration. These factors support approval of the Settlement.

### 3.     The Stage of Proceedings and Extent of Discovery Completed

The parties must have "sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This information can be obtained through formal or informal discovery. *See Clesceri v. Beach City Investigations & Protective Servs., Inc.*, No. CV-10-3873-JLS (RZx), 2011 WL 320998, at *9 (C.D. Cal. Jan. 27, 2011).

As discussed above, the Parties had fully briefed Defendant's motion to dismiss and had the benefit of Judge Peterson's Report and Recommendation, to which Defendant objected. They also engaged in significant settlement discovery, and as a result, they were well-positioned to evaluate the strengths and weaknesses of the positions when negotiating the Settlement - including the precise amount of damages at issue in the case. Joint Decl., ¶ 7. As a result of this discovery and motion practice and expert work that already had taken place in this litigation at the time of Settlement, the Parties were very familiar with the key factual and legal issues that awaited resolution in the remaining stages of this case. They were able to use this knowledge to appropriately balance the potential risks and rewards of proceeding and reached an informed compromise. This factor supports Final Approval.

### 4.     Experience and Views of Counsel

Unopposed Motion for Final Approval of Settlement- Page 8
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

As set forth in their respective firm resumes, Class Counsel has extensive experience in complex class action litigation generally and litigation involving financial institutions specifically. Kaliel Decl. ISO Motion for Preliminary Approval (Doc. 34). Class Counsel have considered: (1) the complexities of this litigation; (2) the risks and expense of continuing this matter through discovery, class certification, summary judgment, and trial against WaFd; and (3) the likely appeal(s) if Plaintiffs do prevail at trial or earlier stages. After weighing these against the guaranteed recovery to the Settlement Class, and what Class Counsel believe to be the significant benefits to the Settlement Class, Class Counsel firmly believe the Settlement represents a desirable resolution of this litigation. Joint Decl. ¶¶ 9, 10.

### 5. Reaction of Settlement Class Members

The deadline to opt-out or object passed on September 21, 2022. There has been no request for exclusion from the Settlement and no objections. Notice Decl., ¶ 19.

In sum, each of the foregoing factors weighs in favor of granting Final Approval.

### B. Arms Length Negotiations

As an additional consideration, the Ninth Circuit instructs courts to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)). Here, there is no evidence that this Settlement was founded in collusion or fraud. Both Parties were represented by counsel highly experienced in complex class litigation, which lent to the careful consideration of all strengths and weaknesses in order to achieve efficient resolution. Thus, the Parties were well-versed with the relevant law, challenges present in calculating damages on a

Unopposed Motion for Final Approval of Settlement- Page 9
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

class-wide basis, and risks of continued litigation and recovery. Accordingly, this consideration also counsels in favor of finding the Settlement to be fair, reasonable, and adequate.

**VI.   FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE**

This Court provisionally certified the Settlement Class in the Preliminary Approval Order, finding that the requirements of Rules 23(a) and (b)(3) were met. Since that time, there have been no developments that would alter this conclusion. The Settlement Class should now be finally certified.

**A.   The Proposed Class Satisfies the Rule 23(a) Requirements**

At the preliminary approval stage, the Court's threshold task is to determine whether the proposed class satisfies the Rule 23(a) requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy, and the requirements set forth in Rule 23(b)(3). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997)). Here, when ruling on class certification in the settlement context, the court need not explore the issue of manageability, "for the proposal is that there be no trial." *Id.* at 620. Here, provisional certification of the proposed Class for purposes of the Settlement is warranted because Plaintiffs meet all Rule 23 requirements.

**1.   Numerosity**

Numerosity is satisfied if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a); *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 664 (C.D. Cal. 2009); *see also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) ("impracticability" exists where there is a "difficulty or inconvenience of joining all members of the class"). "While no exact numerical cut-off is required for the numerosity requirement, numerosity is presumed where the plaintiff class contains forty or more members." *Chester*, 2017 WL 6205788, at *5 (internal quotation marks and citations omitted).

Unopposed Motion for Final Approval of Settlement- Page 10
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

Numerosity is established here. There are approximately 6,860 Settlement Class Members. Accordingly, because the Class Members are certainly too numerous to join as Plaintiffs, the numerosity requirement is met.

### 2. Commonality

Commonality is satisfied if "there are any questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2); *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (noting all that is required is a "single significant question of law or fact."); *Hanson*, 2018 WL 3630284 at *2 (same). The inquiry regarding commonality involves whether Plaintiffs can show a common contention such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019.

Here, the Class Members share common legal and factual questions vis-à-vis WaFd's liability—for instance, whether its imposition of "retry" NSF/OD Fees based on a single alleged "item" or payment is a violation of the WaFd account agreement issued to accountholders. This question is the central legal question of the litigation and suffices to satisfy the commonality prong.

### 3. Typicality

Typicality is satisfied if the class representative's claims or defenses are typical to those of the Class. Fed. R. Civ. P. 23(a)(3). The Ninth Circuit applies the typicality requirement liberally: "representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020;

Unopposed Motion for Final Approval of Settlement- Page 11
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

*Hanson*, 2018 WL 3630284 at *2.  The "typicality" requirement is essential to ensure that the claims of the class representative are aligned with those of the class as a whole.  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).  Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Id.*

Plaintiffs' claims are typical to those of the Settlement Class because they are based upon the same facts and the same legal and remedial theories as those of the Class.  Plaintiffs' and Settlement Class Members' claims allegedly arise from WaFd's alleged breach of its contract and violation of Washington's consumer protection statute.  Every Settlement Class Member suffered the same form of damage as a result of that alleged breach:  more NSF/OD Fees on their accounts.

### 4. Adequacy

Adequacy is satisfied if the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Ninth Circuit utilizes two questions to determine legal adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020.

Plaintiffs are adequate class representatives because they share common goals with all the Settlement Class Members of pursuing litigation to obtain recovery for allegedly improper bank fees.  There is no evidence in the record that Plaintiffs harbor any interest antagonistic to the interests of the Class.  Joint Decl. ¶ 11.  Plaintiffs have been proactive in this litigation,

Unopposed Motion for Final Approval of Settlement- Page 12
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

maintaining close contact with Class Counsel regarding the progress of the litigation. *Id.* ¶ 12. Therefore, the adequacy requirement is satisfied.

**B. The Proposed Class Satisfies the Rule 23(b)(3) Requirements**

Class actions under Rule 23(b)(3) must also satisfy the following two requirements, which are commonly referred to as "predominance" and "superiority," respectively: (1) "the questions of law and fact common to class members predominate over any questions affecting only individual members, and" (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs have satisfied both of these requirements.

**1. Predominance**

The predominance prong turns on "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, F.3d at 1022 (citing *Amchem*, 521 U.S. at 623). Although predominance is inherently related to commonality in that it assumes a prerequisite of common issues of law and fact, "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Id.* (emphasis added). Where the core question driving the litigation "would require the separate adjudication of each class member's individual claim or defense, a Rule 23(b) action would be inappropriate." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001).

The predominance requirement is satisfied because the overriding common issue is whether WaFd's imposition of Retry NSF/OD Fees based on a single alleged "item" or payment is a violation of the WaFd account agreement issued to accountholders. The overarching common issues related to WaFd's NSF fee practices predominate over any individual issues relating to the calculation of damages.

Unopposed Motion for Final Approval of Settlement- Page 13
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

### 2. Superiority

Superiority examines whether the class action device "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "[T]he purpose of the superiority requirement is to assure that the class action is the most effective means for resolving the controversy. Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Wolin*, 617 F.3d at 1175–76 (citation and internal quotation marks omitted). In the settlement context, manageability of the class action device is not a concern. *See, e.g.*, *Spann II*, 314 F.R.D. at 323 ("[T]he other requirements of Rule 23(b)(3) such as the desirability or undesirability of concentrating the litigation of the claims in the particular forum and the likely difficulties in managing a class action, are rendered moot and irrelevant . . .."); *see also Amchem*, 521 U.S. at 620.

Resolution of thousands of potential claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. This is especially true given that Settlement Class Members are likely unaware they have a claim for damages and are unlikely to be able to afford an attorney. *Levya v. Medline Indus. Inc.*, 716 F.3d 510, 515 (9th Cir. 2013) (superiority requirement satisfied where "class certification may be the only feasible means for [class members] to adjudicate their claims"); *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 649 (S.D. Fla. 2015) ("Nearly all of the class members in these actions have claims that are so small that it would cost them much more to litigate individually than they could ever hope to recover in damages, and thus there is no reason to believe that the putative class members have any particular interest in controlling their own litigation.").

### VII. CONCLUSION

Unopposed Motion for Final Approval of Settlement- Page 14
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

For the foregoing reasons, Plaintiffs respectfully request that the Court finally certify the proposed Settlement Class for settlement purposes, finally approve the proposed Settlement as fair, adequate, and reasonable, and enter the proposed Final Order and Judgment submitted herewith.

RESPECTFULLY SUBMITTED AND DATED October 21, 2022.

**FRIEDMAN RUBIN®, PLLP**

By: */s/ Roger S. Davidheiser*
    Roger S. Davidheiser, WSBA No. 18638
    FRIEDMAN RUBIN,
    1109 First Avenue, Suite 501
    Seattle, Washington 98101
    206.501.4446
    rdavidheiser@friedmanrubin.com

**KALIELGOLD PLLC**

By: */s/ Jeffrey Kaliel*
    Jeffrey Kaliel *(Pro Hac Vice)*
    1100 15th St. NW, Fourth Floor
    Washington, DC  20005
    202.350.4783
    jkaliel@kalielpllc.com

**THE KICK LAW FIRM, APC**

By:*/s/Taras Kick*
    Taras Kick (Pro Hac Vice)
    815 Moraga Drive
    Los Angeles, CA 940049
    310395.2988
    taras@kicklawfirm.com

*Attorneys for Plaintiffs and the Putative Class*

Unopposed Motion for Final Approval of Settlement- Page 15
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

## CERTIFICATE OF SERVICE

I certify that on this day, a copy of the foregoing document was electronically served on the following individuals via the manner indicated below:

| | | |
|---|---|---|
| Fred B. Burnside, WSBA #32491<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA  98104-1610<br>206.622.3150<br>fredburnside@dwt.com<br><br>John Freed SB#261518, PHV<br>Davis Wright Tremaine LLP<br>505 Montgomery St., Ste. 800<br>San Francisco, CA  94111<br>415.276.6500<br>jakefreed@dwt.com | [ ]<br>[ ]<br>[ ]<br>[X]<br>[X] | Hand Delivery<br>ABC Legal Messenger<br>US Mail, postage prepaid<br>Email per agreement<br>CM/ECF System |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated October 21, 2022.

Trish Bashaw, Paralegal
*Friedman | Rubin® PLLP*

Unopposed Motion for Final Approval of Settlement- Page 16
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446