The Honorable Ricardo S. Martinez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EDWARD C. HARTNETT and JULIE A. HARTNETT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WASHINGTON FEDERAL BANK,

Defendant.

NO. 2:21-cv-00888 RSM

**FINAL APPROVAL ORDER AND JUDGMENT**

Noted for Hearing November 18, 2022, 9:00 a.m.

On June 23, 2022, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 35) of the Settlement between Plaintiffs Edward and Julie Hartnett ("Plaintiffs"), on their behalf and on behalf of the Settlement Class, and Defendant Washington Federal, Inc. ("WaFd" or "Defendant"), as memorialized in Exhibit A (ECF No. 34) to the Kaliel Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;[1]

Pursuant to the notice requirements set forth in the Settlement and Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the action, the terms of

---

[1] Unless otherwise defined herein, all capitalized terms have the same definitions as those set forth in the Settlement Agreement.

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

Class Counsel on August 8, 2022, previously filed their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and accompanying declarations from counsel of record in the action setting forth their time and expenses and related exhibits (the "Fee Application"). On October 21, 2022, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement (the "Final Approval Motion") and accompanying Joint Declaration of Jeffrey Kaliel and Taras Kick, along with supporting exhibits;

With the Final Approval Motion, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of a Service Award;

On November 18, 2022, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaint with prejudice;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for WaFd, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses and a Service Award, and having reviewed the materials in support thereof, and good cause appearing in the record,

Final Approval Order and Judgment - Page 2
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

Plaintiffs' Final Approval Motion is GRANTED and Class Counsel's Fee Application is GRANTED, and:

**IT IS HEREBY ORDERED THAT**:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's-length negotiations by experienced counsel and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief.  The Court finds that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all Settlement Class Members, who have not opted-out, are bound by the Settlement and this Final Approval Order and Judgment.

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446

5.      The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      No objections were filed by Settlement Class Members.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.      No Settlement Class Members have timely and validly elected to opt-out of the Settlement and Settlement Class.

## CLASS CERTIFICATION

10.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> Customers of Defendant who were charged Retry NSF/Overdraft Fees during the Class Period, and either (1) ceased being a customer of Defendant on or before August 31, 2021, or (2) affirmatively opted out of contractual arbitration with Defendant before January 11, 2022.

> "Class Period" shall mean:  For personal account customers, the time period from November 15, 2015, until August 31, 2021; for business account customers, the time period between July 1, 2020, and August 31, 2021.

11.     The Court determines that for settlement purposes, the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Settlement Class Representative are typical of absent Settlement Class Members; the Settlement

Class Representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to, or in conflict with, the Settlement Class, and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12.     The Court grants Final Approval to the appointment of Plaintiffs as the Settlement Class Representatives.  The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13.     The Court grants Final Approval to the appointment, pursuant to Rule 23(g), of The Kick Law Firm, APC, and KalielGold PLLC as Class Counsel.  The Court concludes Class Counsel adequately represented the Settlement Class and will continue to do so.

## NOTICE OF THE SETTLEMENT CLASS

14.     The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient Notice to the Settlement Class of the pendency of the action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.

15.     The Court finds that WaFd has fully complied with the Notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

16.     The Settlement Administrator's fees shall be paid separately by Defendant as provided in the Settlement.

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

## AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD

17.     The Court has considered Class Counsel's Fee Application along with the declarations submitted by Counsel setting forth their time and expenses incurred in connection with this action.

18.     Pursuant to Rule 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $164,999 as an award of reasonable attorneys' fees, plus costs, and expenses in the amount of $4,113.95 to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

19.     The Court grants Class Counsel's request for a Service Award and awards $5,000 to each of the Plaintiffs.  The Court finds that this payment is justified by Plaintiffs' service to the Settlement Class.  This Service Award shall be paid from the Settlement Fund in accordance with the Settlement.

20.     Thus, the $495,000 Settlement Fund is to be distributed as follows: $169,112.95 to Class Counsel in attorneys' fees and costs, $5,000 to each Named Plaintiff ($10,000 total), and the remaining $315,887.05 to the Settlement Class.

## OTHER PROVISIONS

21.     The Parties to the Settlement shall carry out their respective obligations thereunder.

22.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members, pursuant to the terms and conditions of the Settlement.

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446

23.     As of the Effective Date, Named Plaintiffs and the Settlement Class, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendant Releasee from the Released Claims, as specified in the Settlement Agreement.

24.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against WaFd of any claim, fact alleged in the action, fault, wrongdoing, violation of law, or liability of any kind on the part of WaFd or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.

25.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that nothing in the foregoing, Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement Agreement), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

26.     The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are

Final Approval Order and Judgment - Page 7
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446

brought, initiated, or maintained by, or on behalf of, any Settlement Class Member, who is not an Opt-Out Member, or any other person subject to the provisions of this Final Approval Order and Judgment.

27. The Court hereby dismisses the action and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any party, except as provided in this Final Approval Order and Judgment.

28. Consistent with the Settlement, if the Effective Date, as defined in the Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the action, as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the action as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

29. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

30. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties, with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise, relating in any

Final Approval Order and Judgment - Page 8
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446

way to, and arising from, the implementation of the Settlement or this Final Approval Order and Judgment.

IT IS SO ORDERED.

DATED this 18th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA  98101-3614
(206) 501-4446

1

2

## CERTIFICATE OF SERVICE

3       I certify that on this day, a copy of the foregoing document was electronically served on
the following individuals via the manner indicated below:

4

| | |
|---|---|
| Fred B. Burnside, WSBA #32491<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA  98104-1610<br>206.622.3150<br>fredburnside@dwt.com<br><br>John Freed SB#261518, PHV<br>Davis Wright Tremaine LLP<br>505 Montgomery St., Ste. 800<br>San Francisco, CA  94111<br>415.276.6500<br>jakefreed@dwt.com | [  ]   Hand Delivery<br>[  ]   ABC Legal Messenger<br>[  ]   US Mail, postage prepaid<br>[X]   Email per agreement<br>[X]   CM/ECF System |

12       I certify under penalty of perjury under the laws of the state of Washington that the
foregoing is true and correct.

13

14       Dated November 18, 2022.

                                        *s/Trish Bashaw*
15                                      Trish Bashaw, Paralegal
                                        ***Friedman | Rubin® PLLP***

16

17

18

19

20

21

22

23

Final Approval Order and Judgment - Page 10
Hartnett v Wash.Fed.Bank
No. 21-cv-00888

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101-3614
(206) 501-4446